DAVID A. HUBBERT
Deputy Assistant Attorney General

ROBERT C. BOMBARD (COBN 45388)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
(202) 514-6073
(202) 307-0054 (f)
Robert.Bombard@usdoj.gov
Western.TaxCivil@usdoj.gov

*Counsel for United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| IN THE MATTER OF THE TAX INDEBTEDNESS OF:<br><br>KARL G. KNUCHEL | Case No. MC-22-11-BLG-SPW-TJC<br><br>**PETITION FOR JUDICIAL APPROVAL OF LEVY UPON PRINCIPAL RESIDENCE** |

      The United States of America petitions this Court for an order approving an administrative levy by the Internal Revenue Service (the "Service") upon a principal residence owned by Karl G. Knuchel to collect or partially collect his outstanding tax liabilities. In support of this petition, the United States submits the accompanying Declaration of Aspen Cruise, a Service Revenue Officer and asserts as follows:

1

1. This proceeding is brought, and the Court's jurisdiction arises, pursuant to 28 U.S.C. §§ 1331 and 1340, and 26 U.S.C. §§ 6334(e)(1)(B) and 7402(a).

2. As pertinent here, 26 U.S.C. § 6334 exempts from administrative levy by the Service property used as a principal residence of the taxpayer (within the meaning of 26 U.S.C. § 121) unless the levy is to satisfy a liability which exceeds $5,000 and is approved, in writing, by a United States District Judge or Magistrate Judge. *See* 26 U.S.C. §§ 6334(a)(13), 6334(e)(1); 26 C.F.R. § 301.6334-1(d).

3. To obtain approval from the Court, the United States must demonstrate that:

   a. The liability is owed;

   b. The requirements of any applicable law or administrative procedure relevant to the levy has been met; and

   c. No reasonable alternative for the collection of the taxpayer's debt exists.

4. The United States seeks approval for the Service to levy upon Karl G. Knuchel's interest in the principal residence located at 5 Mount Delano Road, Livingston, Montana, (the "Subject Property"). The Subject Property is located within Park County, Montana, and therefore, within the jurisdiction of this court. This action is properly addressed to the Billings Division. *See* LRP 3.2(b).

5. The Subject Property is described as follows:

APPALOOSA MEADOW RESIDENCE TRACT AS SHOWN ON CERTIFICATE OF SURVEY NO. 191, LOCATED IN SECTION 26, TOWNSHIP 3 SOUTH, RANGE 9 EAST, P.M.M., PARK COUNTY, MONTANA, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE OFFICE OF THE COUNTY CLERK AND RECORDER OF PARK COUNTY, MONTANA. FOR INFORMATION PURPOSES ONLY, THE PROPERTY ADDRESS IS PURPORTED TO BE: 5 MOUNT DELANO ROAD LIVINGSTON, MONTANA 59047 A.P.N.: 0005664000

6. On June 18, 2012, Robert W. Hartman and Bryclyn Hartman transferred the Subject Property by quitclaim deed to Karl G. Knuchel.

7. Karl G. Knuchel remains the owner of the Subject Property.

8. On the dates and in the amounts set forward in the table as follows, a delegate of the Secretary of the Treasury made assessments against the taxpayer for unpaid federal income taxes for 2012, 2013, 2016, 2017, and 2018 and trust fund recovery penalties pursuant to 26 U.S.C. § 6672 for the tax periods ending March 30, 2018, and December 31, 2018:

| Tax Period | Tax Type | Assessment Date | Assessment Amount[1] | Unpaid Balance as of October 31, 2022[2] |
|---|---|---|---|---|
| 2012 | 1040 | 12/21/2015 | $826,330.82 | $1,122,693.74 |
| 2013 | 1040 | 12/28/2015 | $6,585.04 | $9,610.39 |

---

[1] This figure is the Total Original Assessed Amount which includes (1) original tax assessed; plus (2) original penalties assessed; plus (3) original interest assessed.

[2] These figures include accrued but unassessed interest. The unpaid balance includes payments, credits, and other offsets and allowances. Interest continues to accrue after the date of assessment.

3

| 2016 | 1040 | 11/20/2017 | $86,002.00 | $125,392.76 |
| 2017 | 1040 | 11/19/2018 | $18,705.97 | $25,503.04 |
| 2018 | 1040 | 10/14/2019 | $21,603.93 | $28,795.06 |
| 3/30/2018 | 6672 | 6/17/2019 | $6,792.45 | $528.33 |
| 12/31/2018 | 6672 | 6/17/2019 | $6,439.37 | $5,666.49 |
| **TOTAL:** | | | | **$1,318,189.81** |

9. Notice of the assessments and demand for their payment was duly given to Karl G. Knuchel. Despite proper notice and demand, Karl G. Knuchel has failed to pay the liabilities in full. As of October 31, 2022, Karl G. Knuchel remains indebted to the United States in the total amount of $1,318,189.81 with statutory additions to tax continuing to accrue until paid.

10. The Service has followed the requirements of applicable law and administrative procedures relevant to a levy upon the Subject Property.

11. The Service has attempted to satisfy these liabilities from assets other than the Subject Property, but no reasonable alternative exists to satisfy the unpaid liabilities described in paragraph 6 and 7, above.

//

//

//

WHEREFORE, the United States prays that:

A.   The Court enter the attached Notice and Order to Show Cause;

B.   If no written Objection to this Petition is filed with the Clerk of the Court within twenty-five (25) days from the date the Notice and Order to Show Cause is served on the defendant, the Court enter an order (proposed order attached) approving the administrative levy on the Subject Property, to be executed by any authorized officer of the Service; and

C.   If a written Objection to the Petition is timely filed with the Clerk of the Court, the Court should set a hearing for this matter, at which the objections raised shall be considered and after which the Court may enter a further order approving the administrative levy on the Subject Property, to be executed by any authorized officer of the Service.

Respectfully submitted this 8th day of November, 2022.

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Robert C. Bombard*
ROBERT C. BOMBARD
Trial Attorney
Civil Trial Section, Western Region